```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SENIOR SETTLEMENTS, LLC, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-777 (JBS) |
| v. | |
| GROWTH TRUST FUND, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Michael O. Kassak, Esq.
WHITE AND WILLIAMS, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, New Jersey 08002
      Attorney for Plaintiff

Howard S. Feintuch, Esq.
FEINTUCH, PORWICH & FEINTUCH
721 Newark Avenue
Jersey City, New Jersey 07306
      Attorney for Defendants

**SIMANDLE**, U.S. District Judge:

Plaintiff brought this action in state court seeking, among other things, a declaration that certain Life Insurance Policy Purchase and Sale Agreements are valid and enforceable as between the parties. The case was subsequently removed to this Court, and Defendants now move for dismissal based on improper venue or, alternatively, to have this matter transferred to either the Eastern District of New York or the Newark Vicinage of this District. For the reasons now stated, the Court will deny the motion in its entirety.

**I.   BACKGROUND**

According to the Complaint, on or about January 4, 1992, Defendants Bernat and Margit Steinmatz created the Defendant Growth Trust Fund ("Growth Trust" or "Trust") for the purpose of transferring ownership of various life insurance policies owned by, and covering, Bernat Steinmatz.[1]  (Compl. ¶¶ 19, 20.)  The remaining trustees of the Growth Trust included individual defendants Michael Steinmetz, Leah Cohen, and Abraham and Fay Weingarten (collectively "Trustees").  (Id. ¶¶ 3-8.)  Plaintiff Senior Settlements is a New Jersey Limited Liability Company primarily in the business of investing in "senior settlements" such as the Growth Trust Fund.  (Id. ¶¶ 1, 17.)

On or about June 25, 2004, Senior Settlements allegedly presented the Trust with offers to buy the Policies.  (Id. ¶ 21.)  According to Plaintiff, the parties executed three separate Life Insurance Policy Purchase and Sale Agreements ("Agreements") conveying ownership of the Policies from the Trust to Plaintiff.  (Pl. Ex. A.)  According to the Complaint, on or about October 28, 2004, Defendant Michael Steinmetz stated that the Steinmetz family did not wish to proceed with the Agreements.  (Compl. ¶ 29.)

---

[1] The three policies at issue are: (1) North American Company Policy No. LN00534750; (2) American General Policy No. 24002141L; and (3) American General Policy No. 24002079L (collectively the "Policies").  (Compl. ¶ 18.)

Plaintiff subsequently instituted this suit in the Superior Court of New Jersey, Camden County, seeking a declaration that the Agreements are valid and enforceable and asserting a claim for breach of contract.  The matter was removed to this Court on February 7, 2005, and  Defendants subsequently filed the instant motion.

**II.   DISCUSSION**

Defendants have moved, in the first instance, for dismissal of the Complaint under Rule 12(b)(3), Fed. R. Civ. P., and 28 U.S.C. §§ 1391 and 1406, asserting improper venue. Alternatively, Defendants seek to transfer this matter to either the Eastern District of New York or the Newark Vicinage of the District of New Jersey pursuant to 28 U.S.C. § 1404.  The parties, through counsel, have submitted briefs in support and opposition to the motion, which this Court has considered.  The Defendants are residents of Brooklyn, New York, while Plaintiff is a New Jersey Limited Liability Company with its principal place of business in Cherry Hill, New Jersey, located in Camden County.  (Compl. ¶¶ 1-8.)  This Court has jurisdiction under 28 U.S.C. § 1332.

    A.   Duty of Disclosure

Preliminarily, the Court notes that Defendants' written submission omits any reference to the forum selection clause contained in the Agreements.  (Pl. Ex. A. ¶ 17.)  That provision

3

identifies New Jersey as the exclusive forum for any legal proceedings "arising out of or in connection with" the Agreement. (Id.)  The Court would like to remind Defendants' counsel of his "continuing duty to inform the Court of any development which may conceivably affect the outcome" of the litigation.  Fusari v. Steinberg, 419 U.S. 379, 391 (1975) (Burger, C.J., concurring). This is so even where the information may be unfavorable to the interests of the litigant.  See In re Universal Minerals Inc., 755 F.2d 309, 313 (3d Cir. 1985).  Cf.  Model Rules of Professional Conduct, Rule 3.3 (2002) (candor toward tribunal). This obligation is designed to promote respect for the judicial process as well as the just resolution of juridical disputes. Counsel's failure here to bring to the Court's attention the forum selection provision serves only to frustrate these twin aims.  Arguing that the contract is not binding is not a substitute for ignoring the forum selection clause for disputes concerning the alleged contract.  The Court hereby admonishes counsel to avoid such conduct in the future.

    B.   Forum Selection Provision

    As already noted, the Agreements at issue contain a forum selection clause choosing New Jersey.  That provision states, in pertinent part:

> The parties hereto irrevocably and unconditionally agree that any suit, action, or other legal proceeding arising out of or in connection with this Agreement, or the transactions contemplated hereby, shall be brought

>in the courts of record of the State of New Jersey or the courts of the United States located in said state, consent to the jurisdiction of each such court in any such suit, action or proceedings, and waive any objection to the venue of any such suit, action or proceedings in any of such courts.

(Pl. Ex. A at ¶ 17.)  The instant dispute unquestionably "aris[es] out of or in connection with th[e] Agreement," thereby triggering the above provision.  The issue, then, is whether that clause is valid.  For the reasons now explained, the Court holds that it is.[2]

In The Bremen v. Zapata Off-Shore Co., the United States Supreme Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."

---

[2] Under 28 U.S.C. § 1391(a):

>A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(Emphasis added).  In the present case, venue would ordinarily lie in New York unless a substantial part of the events or omissions giving rise to the claim occurred in New Jersey.  The forum selection clause, however, displaces the statutory venue selection unless unreasonable under the circumstances, as discussed in the text which follows.

Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1218-19 (3d Cir. 1991) (quoting 407 U.S. 1, 10 (1972)). A forum selection clause is "unreasonable" if the defendant can make a "strong showing" either (1) that the forum thus selected is "so gravely difficult and inconvenient" that the defendant "will for all practicable purposes be deprived of his day in court" or (2) that the clause was procured through "fraud or overreaching." Foster, 933 F.2d at 1219 (quoting The Bremen, 407 U.S. at 15, 18). "That there may not have been actual negotiations over the [forum selection] clause does not affect its validity." Foster, 933 F.2d at 1219 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991)).

As in Foster, Defendants here have made "[n]o showing – let alone a "strong showing" – of either of these elements . . . ." Defendants argue that this action should be transferred, among other reasons, due to the age of a single defendant. Specifically, Defendants note that "[t]he primary defendant Bernat Steinmatz is 80 years old, a Holocaust survivor, and, understandably has difficulty traveling long distances from his home in Brooklyn, New York." (Defs. Br. at 8.) By itself, Mr. Steinmatz's age does not demonstrate how enforcement of the forum selection clause would be "so gravely difficult and inconvenient that he will for all practicable purposes be deprived of his day in court." Arentowicz v. CAP Gemini Ernst & Young, 2004 U.S.

Dist. LEXIS 16536, at *16 (D.N.J. July 16, 2004) (quoting Foster, 933 F.2d at 1219).

To be sure, courts may consider the age of the parties as a factor in deciding whether to transfer an action to a venue other than that designated by a forum selection clause.  In BSB Bank & Trust Co. v. Morrison, for example, the district court made the following observation in transferring an action from the designated forum:  "Normally, the Court would have little difficulty denying the motion to change venue on the basis that the forum selection clause was controlling.  Here, however, the Court is presented with two elderly defendants, both of whom have significant health problems."  2003 U.S. Dist. LEXIS 5408, at *5 (N.D.N.Y. April 4, 2003).  In addition to their age, though, the defendants there presented "significant medical evidence" that each was "at risk for sudden death."  The court further explained that due to "the extreme nature of the[ir] illnesses," if the action were not transferred the defendants "would be entirely left out of the process due to their health concerns."  Id. at *5-6.

Here, on the other hand, Defendants have failed to present any evidence suggesting that Mr. Steinmatz (or any of the other six individual defendants) suffers from such serious medical infirmities.  Additionally, the Agreements were purportedly entered into just last year.  Conceivably, Mr. Steinmatz's age

7

was as much an obstacle (if any) to his ability to travel then as it is now.  At the very least, such an impediment to travel would have been foreseeable by Mr. Steinmatz at the time of contract. See General Engineering Corp. v. Marietta Alumina, Inc., 783 F.2d 352, 359 (3d Cir. 1986) (holding risk of witness unavailability at the time of contract easily forseeable and, thus, enforcement of forum selection clause not unreasonable).

Moreover, Brooklyn and Camden are separated by about 100 miles – less than a two-hour car ride.  This is not a circumstance which makes attendance in court unusually difficult for Mr. Steinmatz or other Defendants.  In any event, even accepting that travel may be inconvenient for Defendants, "mere inconvenience . . . is not the test for unreasonableness." Arentowicz, 2004 U.S. Dist. LEXIS 16536, at *16 (quoting Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 472 (D.N.J. 1998) (quoting Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir. 1966)).  For these reasons, the forum selection clause in the Agreements is enforceable and, thus, venue in New Jersey is proper.

Finally, the Court must examine whether transfer to Newark is appropriate.[3] For the following reasons, the Court holds that

---

[3] The forum selection clause does not require that this action be brought in any particular vicinage within the District of New Jersey.  (Pl. Ex. A at ¶ 17.)  Under 28 U.S.C. § 1404(a),

it is not. It is sufficient to state only that Newark is located roughly 80 miles from this Court. Such a short distance does not warrant transfer, especially considering that Plaintiff's principal place of business is in Cherry Hill, New Jersey, and the Court will not order transfer of a case if doing so merely shifts the burden from one party to another. <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 646 (1964). <u>See</u> <u>also</u> <u>Leesona Corp. v. Duplan Corp.</u>, 317 F. Supp. 290 (D.R.I. 1970) (denying motion to transfer where distance between two forums, 200 miles, was relatively short). Additionally, the Newark Vicinage has no known connection with the circumstances of this case. Because the convenience of the parties and witnesses would not best be served by transferring this case to Newark, and because the interests of justice do not so require, this Court will deny Defendants' motion to transfer venue to Newark.

---

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other . . . division where it might have been brought."

9

**III. CONCLUSION**

     For the reasons explained supra, the forum selection clause contained in the Agreements at the center of this dispute is enforceable.  Accordingly, the action will not be dismissed for improper venue or transferred to the Eastern District of New York.  Moreover, this Court will deny Defendants' motion to transfer the action to Newark.

     The accompanying Order is entered.


**October 26, 2005**                   **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge